UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CHARLES ANDERSON,

Petitioner,

v.

T. O'DELL,

Respondent.

Civil File No. 00-2655 (ADM/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this matter be transferred to the U.S. District Court for the Western District of Wisconsin.

**I. BACKGROUND**

On or about March 1, 1993, Petitioner was convicted in the state circuit court for Portage County, Wisconsin, on child sex abuse charges. He was sentenced to twenty years in state prison, and ten years on probation, and he is currently serving his sentence at the Prairie Correctional Facility in Appleton, Minnesota. Petitioner has challenged his convictions (unsuccessfully) in several Wisconsin state court proceedings. He is now seeking federal habeas corpus review of his convictions.

In his current petition, Petitioner contends that his convictions should be set aside because (1) his guilty plea was entered without the benefit of exculpatory evidence that the prosecution allegedly failed to disclose, and (2) his sentence was based on an

FILED DEC 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

erroneous pre-sentence investigation report.[1] For the reasons discussed below, it will be recommended that the instant petition not be addressed on the merits in this District, but rather that the matter be transferred to the U.S. District Court for the district in which Petitioner was convicted – namely the Western District of Wisconsin.

**II. DISCUSSION**

Because Petitioner is currently incarcerated here in Minnesota, he can properly seek habeas corpus relief in this District, even though he was convicted in a Wisconsin state court. Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981) ("a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian"). See also Rules Governing Section 2254 Cases In The United States District Courts, Rule 2, "Advisory Committee Notes" ("[t]he proper person to be served [with a petition for writ of habeas corpus] in the usual case is either the warden of the institution in which the petitioner is incarcerated... or the chief officer in charge of state penal institutions"). However, this Court must also consider whether Minnesota is the most appropriate venue for Petitioner's habeas corpus proceedings. Weeks, 638 F.2d at 693 ("[o]nce the custodian is properly served,... it is still proper to consider the most convenient forum for the litigation").

When a prisoner is incarcerated in a state other than the state in which he was convicted, it is generally preferable to have his federal habeas corpus claims considered in the state where he was convicted. Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973)

---

[1] The petition actually lists three grounds for relief, but the Court is unable to decipher the claim identified as "ground three." (See Petition,[Docket No. 1], p. 4.)

(habeas petition filed by a Montana prisoner housed in a South Dakota prison was properly transferred from the District Court of South Dakota to the District Court of Montana, because Montana – the place of conviction – was the preferable venue). The instant Petitioner was tried and convicted in Wisconsin under that state's law, and the Wisconsin Department of Corrections remains ultimately responsible for his custody. Therefore, the Court finds that Petitioner's current § 2254 habeas corpus petition should be litigated in Wisconsin. See Smart v. Goord, 21 F.Supp.2d 309, 315 (S.D.N.Y. 1998) (habeas petition filed by New Hampshire prisoner held in New York prison was transferred to New Hampshire because that state was a more appropriate venue); Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (habeas petition brought by Nebraska prisoner housed in a Nevada prison should have been brought in Nebraska, not Nevada). It will therefore be recommended that this action be immediately transferred to the U.S. District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. § 1406(a).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to immediately transfer this action to the U.S. District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. § 1406(a).

DATED: December 22, 2000

E.S. Swearingen

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.