UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles Anderson,

Petitioner,

v.

T. O'Dell,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2655 ADM/ESS

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner Charles Anderson's objections ("Objections") [Doc. No. 3] to United States Magistrate Judge E. S. Swearingen's December 26, 2000 Report and Recommendation ("R & R") [Doc. No. 2]. Petitioner, tried and sentenced in Wisconsin state court and incarcerated in Minnesota, seeks federal habeas corpus review of his convictions under 28 U.S.C. § 2241(a). Judge Swearingen recommends that this Court transfer the matter to the United States District Court for the Western District of Wisconsin. For the reasons set forth below, the Court adopts Judge Swearingen's recommendation.

## II. BACKGROUND

On or about March 1, 1993, Petitioner was convicted on child sex abuse charges in Portage County, Wisconsin state circuit court. The Wisconsin court sentenced Petitioner to twenty years in state prison and ten years probation. R & R at 1. Petitioner has unsuccessfully challenged his conviction in several Wisconsin state court proceedings. *Id.* He is currently serving his prison sentence at the Prairie Correctional Facility in Appleton, Minnesota. *Id.*

FEB 0 2 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

Petitioner applied to this Court for federal habeas corpus review. He argues that his conviction should be set aside because: (1) Petitioner entered his guilty plea without the benefit of exculpatory evidence that the prosecution allegedly failed to disclose; (2) the Wisconsin state circuit court based Petitioner's sentence on an erroneous pre-sentence investigation report; and (3) the Wisconsin Supreme Court misinterpreted Petitioner's collateral post-conviction relief rights under Wis. Stat. § 974.06, thus denying him a fair hearing. *See id*; Objections at 1-2. Petitioner objects to Judge Swearingen's recommendation to transfer this action to federal district court in Wisconsin on the grounds that Minnesota is a neutral venue.

## III. DISCUSSION

A district court must make an independent, *de novo* review of those portions of an R & R to which Plaintiff objects, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c)(2). After a *de novo* review of the record and law in this case, the Court adopts Judge Swearingen's recommendation to transfer this action to the United States District Court for the Western District of Wisconsin.

Petitioner could have brought this action in either Minnesota or Wisconsin. "[A] court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian." *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981) (citations omitted). Because Petitioner is incarcerated in Minnesota, he can properly seek habeas corpus relief in this District.

However, Wisconsin, as the situs of Petitioner's conviction and sentence, retains concurrent habeas corpus jurisdiction notwithstanding Petitioner's incarceration in Minnesota. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S.Ct 1123, n.15 (1973). Petitioner

was tried and convicted under Wisconsin state law, and the Wisconsin Department of Corrections remains ultimately responsible for Petitioner's custody. R&R at 3. The Minnesota custodian acts as an agent for Wisconsin. *See Wilkins v. Erickson*, 484 F.2d 969, 973 (8th Cir. 1973). Therefore, Petitioner could have brought this action in Wisconsin. *Id.*; *see also Fest v. Bartee*, 804 F.2d 559 (9th Cir. 1986) (finding Nebraska, the convicting and sentencing state, the appropriate forum for prisoner's federal habeas corpus petition, because Nebraska retained "constructive custody" of prisoner, despite prisoner's incarceration in Nevada); *Smart v. Goord*, 21 F.Supp.2d 309 (S.D.N.Y. 1998) (granting New York prison official's motion to transfer venue of New York prisoner's habeas petition to New Hampshire, the prisoner's conviction and sentencing state, because New Hampshire retained custody over the prisoner despite incarceration in New York).

Though Petitioner could have brought his action in either Wisconsin or Minnesota, this Court may also "consider the most convenient forum for the litigation." *Weeks*, 638 F.2d at 693; *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Generally, the convicting state is a more appropriate venue to hear a petition for federal habeas corpus review than a court in the state of incarceration. *See Wilkins*, 484 F.2d at 973; *Braden*, 93 S.Ct. at n.15 (noting that the forum in the incarcerating state "will not in the ordinary case prove as convenient as the district court in the State which has lodged the detainer"). In this case, Petitioner's claims are based upon proceedings in Wisconsin, not Minnesota. Wisconsin state courts convicted and sentenced Petitioner, records related to the case are located in Wisconsin, and Wisconsin must defend this action. Therefore, Wisconsin is the

most appropriate forum for the action and this case shall be transferred pursuant to 28 U.S.C. § 1404(a).

## IV. CONCLUSION

Based upon the foregoing, and all of the files, recording and proceedings herein, **IT IS HEREBY ORDERED** that the Clerk of Court immediately transfer this action to the United States District Court for the Western District of Wisconsin.

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: 2/2/01

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.